Filed 7/27/26  P. v. Montoya CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT MARTINE MONTOYA,<br>        Defendant and Appellant. | C104268<br><br>(Super. Ct. No. 22CF05766) |

Appointed counsel for Robert Martine Montoya asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record revealed that the trial court imposed a sex offender fine in an unauthorized amount and without mentioning the accompanying penalty assessments.  We will modify the judgment and order the trial court to issue a corrected abstract of judgment; in all other aspects we affirm the judgment.

BACKGROUND

The facts underlying defendant's crime are not relevant to the issues we address on appeal.  It suffices to say that defendant pled no contest to rape of an unconscious person in exchange for a maximum sentence of eight years in prison.  The trial court

1

dismissed three other counts in accordance with the plea agreement and with a *Harvey*[1] waiver.

At sentencing, defense counsel argued for a middle term sentence. The trial court found the following aggravating circumstances true beyond a reasonable doubt: the crime involved acts disclosing a high degree of cruelty, viciousness, or callousness; the victim was particularly vulnerable; defendant sexually assaulted the victim on multiple occasions; and the victim was a minor. In mitigation, the court found defendant was a youthful offender. The court found the aggravating circumstances outweighed the mitigating circumstances and imposed the upper term of 8 years in prison.

The trial court also imposed a $300 restitution fine (Pen. Code,[2] § 1202.4, subd. (b)); a $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $40 court operations assessment (§ 1465.8, subd. (a)(1)); a $30 criminal conviction assessment (Gov. Code, § 70373); and a $1,170 sex offender fine (§ 290.3).

The trial court stated, "The fines and fees [were] set forth on page 14 of the probation report." As to the section 290.3 fine, the probation report states: "Pay a fine per §290.3 [Penal Code] in the amount of $300.00 (plus a $60.00 Court Surcharge (per § 1465.7 [Pen. Code]), $150.00 State Court Facilities Construction Fund Fee (per § 70372 [subd.,] (a) [Gov. Code]), $300.00 State Penalty Assessment (per §1464 [Pen. Code]), a $210.00 County Penalty Assessment (per § 76000 [Gov. Code]), $30.00 DNA Identification Fund Fee (per § 76104.6 [Gov. Code]), and $120.00 DNA Identification Fund fee (per § 76104.7 [Gov. Code], Total: $1,170.00 (*Applies to any offense under § 290 [subd.,] (a) [Pen. Code]*)." The court found defendant had the ability to pay the imposed fines and fees. The abstract of judgment lists the fine for section 290.3 in the

---

[1]     *People v. Harvey* (1979) 25 Cal.3d 754.

[2]     Undesignated section references are to the Penal Code.

amount of $1,170 and does not set forth the amount of or the statutory basis for each penalty assessment.

Defendant timely appealed but did not obtain a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have passed, and we have received no communication from defendant.

Our review of the record discloses that the trial court imposed an unauthorized sentence. Section 290.3 provides in pertinent part, "Every person who is convicted of any offense specified in subdivision (c) of Section 290 shall, in addition to any imprisonment or fine, or both, imposed for violation of the underlying offense, be punished by a fine of three hundred dollars ($300) upon the first conviction or a fine of five hundred dollars ($500) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine." (§ 290, subd. (a).)

The imposition of a section 290.3 fine in the total amount of $1,170 or the imposition of a $300 base fine plus $870 in penalty assessments without citing the statutory basis for the penalty assessments are both unauthorized sentences. "[A]n unauthorized sentence may be corrected at any time even if there was no objection in the trial court. [Citations.] Such an unauthorized sentence may be corrected even when raised for the first time on appeal." (*People v. Valenzuela,* (2009) 172 Cal.App.4th 1246, 1248-1249 ["The fine imposed in this case constituted an unauthorized sentence"], citing *In re Sheena K.* (2007) 40 Cal.4th 875, 886, and *People v. Smith* (2001) 24 Cal.4th 849, 854.)

The trial court imposed the sex offender fine in the amount of $1,170 as set forth in the probation report.  We construe the court's statement to mean that it intended to impose the section 290.3 fine and the corresponding penalty assessments, which are listed in the probation report, but erroneously failed to list each penalty assessment and their respective corresponding amounts at sentencing.  We shall therefore modify the judgment to include a $300 section 290.3 fine and penalty assessments in the following amounts:  a $60.00 Court Surcharge (§ 1465.7), a $150.00 State Court Facilities Construction Fund Fee (Gov. Code, § 70372, subd. (a)), a $300.00 State Penalty Assessment (§ 1464), a $210.00 County Penalty Assessment (Gov. Code, § 76000), a $30.00 DNA Identification Fund Fee (Gov. Code, § 76104.6), and a $120.00 DNA Identification Fund fee (Gov. Code, § 76104.7).

Having undertaken an examination of the entire record, we find no other arguable error that is favorable to defendant.

## DISPOSITION

The imposition of a $1,170 section 290.3, subdivision (a) fine is reversed.  The judgment is modified to include a $300 section 290.3, subdivision (a) fine and the penalty assessments, as listed *ante*.  Upon remittitur issuance, the clerk of the superior court is directed to prepare an amended abstract of judgment reflecting these modifications and forward a copy to the Department of Corrections and Rehabilitation.  The judgment is affirmed as modified.

\s\
KRAUSE, J.

We concur:

\s\
RENNER, Acting P. J.

\s\
BOULWARE EURIE, J.